UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOEL JORGENSEN,**

    **Plaintiff,**

v.

**FRANK BISIGNANO,**
**Commissioner of Social Security,**

    **Defendant.**

Case No. 3:20-cv-15832
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

    This matter is before the Court on the motion for an attorney's fee pursuant to 42 U.S.C. § 406(b)(1). Motion for Attorney Fees, ECF No. 24. The Commissioner neither supports nor opposes the motion but asks that the Court direct Plaintiff's counsel to remit to Plaintiff the $9,000.00 fee previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Response to Motion for Attorney Fees, ECF No. 26. *See* Consent Order, ECF No. 23.

    Under the Social Security Act, when a court renders a judgment favorable to a claimant who was represented before the court by an attorney, the court may award that prevailing claimant's attorney "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . ." 42 U.S.C. § 406(b)(1)(A). Contingency fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). In determining an appropriate fee under the statute, a court must also consider such factors as the character of the representation and results achieved,

1

whether counsel was responsible for delay, and whether the benefits were large in comparison to the time expended by counsel. *Id*. at 807-08. Moreover, a court may consider the inherent risk of loss associated with representation on a contingency basis. *Tschudy v. Comm'r of Soc. Sec.*, No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020).

Plaintiff filed an application for Disability Insurance Benefits in 2017 and, with the assistance of counsel, challenged the administrative denial of that application in this Court. In March 2022, this Court reversed the Commissioner's decision and remanded the matter to the Commissioner for further proceedings. Opinion and Order, ECF No. 20; Final Judgment, ECF No. 21. On remand, Plaintiff secured a fully favorable decision, Exhibit A to Motion for Attorney Fees, ECF No. 24-1, and was awarded past-due benefits totaling $ 83,926.00. *Id*. at PageID# 703. Twenty-five percent of that award, $ 20,981.50, has been withheld for payment to Plaintiff's representative. *Id*. [1]

The fee agreement executed by Plaintiff and Plaintiff's counsel authorizes a fee of 25% of past-due benefits. Exhibit B to Motion for Attorney Fees, ECF No. 24-1, PageID# 708. Bryan Konoski, Esq., Plaintiff's well-experienced counsel, represents that he expended 76.7 hours of time on behalf of Plaintiff before this Court. Exhibit C to Motion for Attorney Fees, ECF No. 24-1, PageID# 711. The available fee therefore represents no more than 25% of the past-due benefits and compensation for Plaintiff's attorney at the rate of approximately $ 274.00 per hour.

This Court concludes that a fee of $20,981.50 is reasonable. The time between the filing of Plaintiff's application and the favorable resolution of that application was lengthy and

---

[1] In an apparent typographical error, Plaintiff represents that the available attorney fee is $20,781.50. Motion for Attorney Fees, ECF No. 24, PageID# 692.

2

Plaintiff's counsel was in no way responsible for that delay. Moreover, the benefits awarded were not large in comparison to the time expended by counsel. *See Gisbrecht*, 535 U.S. at 808.

Plaintiff's Motion for Attorney Fees, ECF No. 24, is therefore **GRANTED**.

**IT IS ORDERED** that an attorney's fee in the amount of $ 20,981.50, which represents 25% of the past-due benefits awarded to Plaintiff, be remitted to **Bryan Konoski, Esq**. Upon receipt of this fee, counsel for Plaintiff is **DIRECTED** to remit the previously awarded EAJA fee in the amount of $ 9,000.00 to Plaintiff.

January 20, 2026 *s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge